IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Andrew R. Perrong<br><br>   Plaintiff<br><br>vs.<br><br>Bally's Corporation<br><br>   Defendant | Case No. 1:21-cv-00508-MSM-LDA<br><br>JURY TRIAL DEMANDED |

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

  Attempts by the robocalling industry to blame the victims of their calls and text messages are nothing new. Trial and appellate courts have had little trouble rejecting such smear tactics.

  But now, it has come to this.

  In its Motion and accompanying Memorandum and Declaration (ECF Nos. 12, 13, 14), Defendant makes a bold but remarkably unsupported claim: that Plaintiff's telephone number, which he has owned and used continuously since at least November of 2017, is not his telephone number. (Memorandum at 1.) Defendant "carries verbal wizardry too far" by turning the truth into a falsity and carrying its arguments for dismissal "deep into the forbidden land of the sophists."[1] The proper resolution of Defendant's Motion has a boring ending: denial, because the assumptions on which it is premised are utterly false.

---

[1] *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 671 (2012) (Scalia, J., dissenting).

1

## FACTUAL BACKGROUND

On at least November 19, 2021, Plaintiff Perrong received a text message sent using a prerecorded voice and an ATDS from the Defendant on his telephone number, (215) 338-XXXX. (*See* ECF No. 1, ¶ 36.) Plaintiff was charged two cents for the text message from Defendant. (*Id.*, ¶ 46.) The Plaintiff's phone number is (215) 338-XXXX, and he is charged for and pays for the calls and text messages placed to that number. (*Id.*, ¶¶ 30, 31.) The Plaintiff uses the phone number for his personal residential use. (*Id.*, ¶¶ 32, 34.) It is not and was not used by Kei Lee, Sam Lee Kei, or any variation thereof at the time of the text message. (Declaration of Andrew R. Perrong ("Perrong Decl."), attached hereto as Exhibit 1, ¶ 7.) In fact, the Plaintiff does not know this person or persons, nor anybody else by that name or anything that sounds remotely like it. (*Id.*, ¶ 8.)

Plaintiff never provided his consent for the message or requested the message in any way. (ECF No. 1, ¶ 45.) Plaintiff was harmed by the message because not only was he charged for the message, he was temporarily deprived of legitimate use of network resources, bandwidth, power, and storage space and his privacy was improperly invaded. (*Id.*, ¶ 50.) The message was frustrating, obnoxious, annoying, was a nuisance, and disturbed Plaintiff's solitude. (*Id.*) Plaintiff has therefore availed himself of his statutory rights under the TCPA by bringing this lawsuit.

## LEGAL STANDARD

The standard for a motion to dismiss under Rule 12(b)(1) is the same as that as a motion under Rule 12(b)(6). *See Marasco & Nesselbush, LLP v. Collins*, 6 F.4th 150, 166 (1st Cir. 2021). A complaint may not be dismissed under Rule 12(b)(1) as long as the plaintiff has suffered an injury in fact, that is fairly traceable to the conduct of the defendant, that is likely to

be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

And, in order to make the showing required by *Lujan*, a complaint need only contain "a short and plain statement of the grounds for the court's jurisdiction," i.e., a short and plain statement that the plaintiff has suffered an injury in fact, that is fairly traceable to the conduct of the defendant, that is likely to be redressed by a favorable decision. FED. R. CIV. P. 8(a)(1). The requirement that a plaintiff "show" that the court possesses subject matter jurisdiction is limited in that the well-pleaded facts in the complaint regarding jurisdiction must be taken as true and viewed in the light most favorable to the plaintiff, and all reasonable inferences from those facts must be drawn in the plaintiff's favor. *See Lyman v. Baker*, 954 F.3d 351, 360 (1st Cir. 2020).

## ARGUMENT

### A.   Plaintiff's telephone number is Plaintiff's.

The only so-called "evidence" Defendant uses to support the contention that Plaintiff lacks standing because he (allegedly) does not own the telephone number he has claimed to own in his complaint is a self-serving Declaration by Gary NG, who states that (unspecified) "internal records" of the Defendant reflect that at some (unspecified) time a "patron named Kei Lee" provided the telephone number to sign up for a loyalty card. (Declaration of Gary Ng ("Ng Decl."), ECF 14, ¶¶ 6, 7.) Defendant also relies on a LexisNexis search that bears similar indicia of unreliability, namely that Plaintiff's "[p]hone may be disconnected," and a printout from a questionable commercial website called "Search People Free," a website that explicitly disclaims responsibility for inaccurate information (as here) used for litigation purposes (as here). (Ng Decl., Exs. B, C, ECF No. 14-2, 14-3.)

Such questionable, inaccurate, and speculative records aren't evidence that Plaintiff doesn't own his own phone number. And just because commercial databases contain inaccurate

3

information doesn't mean that Plaintiff lacks standing. Indeed, as Plaintiff writes in his Declaration, he has owned and used the (215) 338-XXXX number continuously since November of 2017, when it was assigned to him. (Perrong Decl., ¶ 6.) A printout from Plaintiff's telephone provider confirms that Plaintiff is the subscriber of record for (215) 338-XXXX and was charged 2 cents for the text message he received from the Defendant. (Ex. 2.)

Simply put, these records, coupled with Plaintiff's well-pled allegations and his Declaration, confirm that he owns the number that Defendant claims he doesn't.

### B.  There is no "reasonable reliance" standard under the TCPA.

Even if this Court were to accept Defendant's contention that they *thought* they were contacting another individual who was not the Plaintiff (which, as explained above, was not the case), such a contention is not a defense to a TCPA claim, as Defendant implicitly concedes by making no arguments under Rule 12(b)(6). There is no "reasonable reliance" or "good faith" defense under the TCPA. *Elleby v. Liberty Univ., Inc.*, No. 521CV00093KDBDCK, 2022 WL 715577, at *3 (W.D.N.C. Mar. 9, 2022) (quoting *Jiminez v. Credit One Bank, N.A.*, 377 F. Supp. 3d 324, 334 (S.D.N.Y. 2019)).

The TCPA is a strict liability statute and requires a caller to have obtained the consent of the *actual* recipient of the calls and text messages (the "called party," like Plaintiff Perrong), and not the *intended* recipient of the calls (who Defendant claims is Kei Lee). 47 U.S.C. § 227(b)(1)(A). A recipient of TCPA violative calls and text messages is under no obligation to go out of their way to get a TCPA violator to stop messaging them, nor, absent a contractual obligation, is the intended recipient. *See, e.g., N. L. by Lemos v. Credit One Bank, N.A.*, 960 F.3d 1164, 1166 (9th Cir. 2020). *Every* circuit court to opine on this issue has concluded that the term "called party" means the consumer that actually receives a defendant's TCPA violative calls or

4

text messages, as opposed to the "intended recipient" of those calls – a term that does not appear in the TCPA.  *E.g., Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250-54 (11th Cir. 2014); *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 882 n.3 (8th Cir. 2005)

To the contrary, the law imposes on telemarketers like Defendant the *obligation* to avoid making unsolicited, prerecorded text messages to reassigned numbers. *See Soppet v. Enhanced Recovery Co.,* LLC, 679 F.3d 637, 639-40 (7th Cir. 2012). For many years, companies have marketed commercially available services for telemarketers to subscribe to in order to verify telephone numbers and ensure that their messages are being sent to their intended recipients, as opposed to consumers like Plaintiff. But Defendant clearly didn't use them in the *five years* that the Plaintiff had and used his telephone number. Instead, Defendant sent Plaintiff at least one (and possibly more) text messages without his consent, and now seeks to ignore the law and blame the Plaintiff for its TCPA violations.

*Elleby* is particularly instructive on this point. In *Elleby*, a person interested in Liberty University's education programs requested information in October of 2020. *Elleby*, 2022 WL 715577 at *1. "A short time" later, the Plaintiff obtained the telephone number and, "[u]naware that the phone number now had a different owner," Liberty continued to send "pre-recorded communications to the phone number based on the previous user's consent." *Id.* In denying summary judgment, the district court held that Liberty's argument had been explicitly rejected by other courts, as explained above. *Id.*

Merely because the Defendant *thought* they were contacting someone else does not deprive the Plaintiff of standing. As described *supra*, every court to consider this issue has declared that the TCPA was, in fact, *designed* to protect the recipients of unsolicited and

unwelcome telemarketing, despite telemarketers' reliance on flawed, bogus, unreliable, or outdated information. The harm *unintended* recipients of such unsolicited calls suffer is no less real or concrete than the harm *intended* recipients of unsolicited calls suffer, particularly as neither party consented to receive such calls. Plaintiff was squarely injured by Defendant's conduct; whether or not Defendant knew it was contacting the Plaintiff is irrelevant.

### C. Faced with similar 12(b)(1) challenges, multiple courts have concluded that the Plaintiff has standing. So too here.

Congress passed the TCPA to protect consumers from intrusive and unwanted messages. *See Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013) (citing *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)). This action was brought by the recipient of an unsolicited, prerecorded message to enforce a statute designed to protect recipients of unsolicited, prerecorded messages. Ignoring the plain language of the statute, Defendant posits a unique theory of standing. It apparently has no objection to the standing of individuals who cannot be put to the trouble of suing them, but Plaintiff, who has a track record of investing time and energy to enforce federal telemarketing law, according to Defendant, should be stripped of the TCPA's protections because he is a "professional plaintiff." (Memorandum at 1.)

The attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants careful scrutiny. *Outley v. New York*, 837 F.2d 587, 591-92 (2d Cir. 1988). Merely because Plaintiff has filed multiple lawsuits under the TCPA does not deprive him of harm or standing any more "than the purchase of a burglar alarm would indicate that the homeowner wanted her house to be broken into." *Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 783 (N.D.W. Va. 2017) (denying motion for summary judgment in TCPA case related to a similar standing argument). While the Defendant is "understandably frustrated" by Plaintiff, he is doing "exactly what Congress intended—enforcing the law." *Id.* Congress was well aware of this

possibility when it passed the TCPA, and no general rule requires plaintiffs who prove their cases to end up worse off than before the defendant injured them.

Courts have brushed aside the perverse notion that one who has been the victim of several different companies' illegal robocalls may not bring several different suits. "Nothing in the Constitution, though, requires a plaintiff to be a naïf. Litigation is not college athletics: there is no 'amateurs only' rule." *Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017). *See also Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006) ("What the district judge did not explain, though, is why 'professional [plaintiff]' is a dirty word. It implies experience, if not expertise. The district judge did not cite a single decision supporting the proposition that someone whose rights have been violated by 50 different persons may sue only a subset of the offenders."); *Abramson v. Oasis Power LLC*, No. 2:18-cv-00479, 2018 U.S. Dist. LEXIS 129090, at *16 (W.D. Pa. July 31, 2018) ("As other courts addressing this issue have agreed, a citizen's decision to aggressively enforce his rights under the TCPA should not negate otherwise valid privacy interests"). Like the defendants in *Cunningham*, Defendant "seem[s] to imagine a Constitution that limits the right to sue under the TCPA to those who are *ignorant* of their right to sue under the TCPA." *Cunningham*, 251 F. Supp. 3d at 1196. "The Constitution requires no such result." *Id.*

The only case law Defendant relies upon for its argument Plaintiff lacks constitutional standing is inapposite. *Stoops* does not stand for the proposition that a "professional plaintiff lacks Article III standing." (Memorandum at 7.) In *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016), on a motion for summary judgment, a TCPA plaintiff was found to lack standing where she testified her *sole purpose* for owning over *35 cell phones* was to run what she referred to as a TCPA litigation business. On that testimony and much more of a similar

7

ilk, the district court held that Ms. Stoops had suffered no injury-in-fact and therefore lacked Article III standing. *Id.* at 800–01.

Most concerningly, Defendant fails to cite to the three separate district courts that have held that the Plaintiff has standing under Article III, including one for a call to the same exact telephone number at issue in this case. *Perrong v. Victory Phones LLC*, No. CV 20-5317, 2021 WL 3007258, at *3 (E.D. Pa. July 15, 2021) ("Mr. Perrong meets the minimum constitutional standing requirement."); *Perrong v. Total Ins. Brokers, LLC*, No. 8:20-CV-1905-JSM-TGW, 2021 WL 3036467, at *1 (M.D. Fla. Apr. 2, 2021) ("Plaintiff has standing to pursue his claims . . . [for] the calls made to [215-338-XXXX]."); *Perrong v. Vivint, Inc.*, No. 2:19-cv-00568-DBB-CMR, 2020 U.S. Dist. LEXIS 89055, at *8 (D. Utah May 20, 2020) ("Because Congress authorized plaintiffs to file suit for alleged violations of the TCPA, including the circumstances alleged here, they have statutory standing.").

## **CONCLUSION**

The Defendant's Motion is wrong on the facts and the law. Consistent with the command of FED R. CIV. P. 1, the case should proceed expeditiously and the motion should be DENIED.

Dated: **March 17, 2021**

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com

8

**CERTIFICATE OF SERVICE**

I, Andrew R. Perrong, Plaintiff *Pro-Se*, hereby certify that on March 17, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

Dated: **March 17, 2021**

_____/s/_____
Andrew R. Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com