UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

PERRONG

v.                                                                              CA No. 2021cv00508

BALLY'S CORP.

## MOTION TO INTERVENE

Jimmy Smith (Smith), an interested party, respectfully requests that this Honorable Court allow him to intervene if any subsequent action is taken. Smith is given an unconditional and/or conditional right to intervene by a federal statute and/or claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede Smith's ability to protect his interest, and no existing parties adequately represent that interest. Furthermore Smith has a claim or defense that shares with the main action a common question of law or fact. In particular Smith is currently involved in two Motions to Dismiss where Iqbal and Twombly are cited. Smith has two current cases in the United States District Court for the District of Rhode Island. The cases are 21cv133 and 21cv190.[1] Although this case has not reached this stage yet, undoubtedly Twiqbal will be cited and discussed. Furthermore, Smith has a closed case in which he filed a motion for recusal and it was denied[2]. Smith is appealing these decisions to the First Circuit Court of Appeals which is seeking to replace a Justice who is on senior status and who is on the Board of Directors of Roger Williams Law School.

As a reminder, the right to intervene in a civil action pending in United States District

---

[1] Smith vs Roger Williams Law School et al and Smith vs Roger Williams Law School respectively.
[2] Smith vs Sixth Division District Court, 22cv131 (D.R.I.)

Court is generally governed by Rule 24 or by particular federal statute. See Stream Pollution Control Board v. United States Steel, Inc., 62 F.R.D. 31, 18 Fed. R. Serv. 2d (Callaghan) 1386, 1974 U.S. Dist. LEXIS 12799 (N.D. Ind. 1974), aff'd, 512 F.2d 1036, 7 Env't Rep. Cas. (BNA) 1791, 5 Envtl. L. Rep. 20261, 1975 U.S. App. LEXIS 15662 (7th Cir. 1975). Cited by United States v. Hooker Chems. & Plastics Corp., 101 F.R.D. 444 (W.D.N.Y. 1984), N. Hempstead v. N. Hills, 482 F. Supp. 900 (E.D.N.Y. 1979), J. E. Brenneman Co. v. Schramm, 473 F. Supp. 1316 (E.D. Pa. 1979), Underwood v. Waddell, 743 F. Supp. 1291 (S.D. Ind. 1990), Commonwealth Edison Co. v. Train, 71 F.R.D. 391 (N.D. Ill. 1976), and Envtl. Def. Fund, Inc. v. Costle, 79 F.R.D. 235 (1978).

Also, the requirements for intervention should generally be more liberal than those for standing to bring suit. See United States v. Board of School Comm'rs, 466 F.2d 573, 16 Fed. R. Serv. 2d (Callaghan) 553, 1972 U.S. App. LEXIS 7932 (7th Cir. 1972), cert. denied, 410 U.S. 909, 93 S. Ct. 964, 35 L. Ed. 2d 271, 1973 U.S. LEXIS 3586 (1973). Cited by United States v. Stringfellow, 783 F.2d 821 (9th Cir. 1986), Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326 (9th Cir. 1977), Johnson v. S.F. Unified Sch. Dist., 500 F.2d 349 (9th Cir. 1974), Lennar Mare Island, LLC v. Steadfast Ins. Co., No. 2:12-cv-02182-KJM-KJN, 2016 U.S. Dist. LEXIS 139383 (E.D. Cal. Oct. 5, 2016), S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv., 2007 U.S. Dist. LEXIS 81636 (E.D. Cal. Oct. 16, 2007), Doe v. Schwarzenegger, 2007 U.S. Dist. LEXIS 8501 (E.D. Cal. Jan. 17, 2007), Officers for Justice v. Civil Serv. Com., 473 F. Supp. 801 (N.D. Cal. 1979). Morgan v. McDonough, 726 F.2d 11 (1st Cir. 1984), and Avery v. Heckler, 584 F. Supp. 312 (D. Mass. 1984).

**Impairment of Smith's Ability to Protect His Interest**

Intervention is concerned with something more than standing to sue; it is concerned with protecting interest which practically speaking can be protected only through intervention in current proceedings. See <u>Hatton v. County Bd. of Education</u>, 422 F.2d 457, 13 Fed. R. Serv. 2d (Callaghan) 710, 1970 U.S. App. LEXIS 10543 (6th Cir. 1970); Hobson v. Hansen, 44 F.R.D. 18, 11 Fed. R. Serv. 2d (Callaghan) 676, 1968 U.S. Dist. LEXIS 12671 (D.D.C. 1968), aff'd in part and rev'd in part, 408 F.2d 175, 132 U.S. App. D.C. 372, 12 Fed. R. Serv. 2d (Callaghan) 622, 1969 U.S. App. LEXIS 9277 (D.C. Cir. 1969).

Under Rule 24(a)(1), the test for standing to intervene is not whether applicants for intervention have been or will certainly be harmed by defendants action, but whether their interests may be adversely affected. See <u>United States v. Hooker</u> 540 F. Supp. 1067, 17 Env't Rep. Cas. (BNA) 1808, 12 Envtl. L. Rep. 20701, 1982 U.S. Dist. LEXIS 17793 (W.D.N.Y. 1982). As a United States citizen my rights may be adversely affected by a ruling in this case. As a citizen, my joinder is arguably required and or permissive under joinder rules as well.

Standing to sue and right of intervention are not same thing and intervenors need not make showing of Article III standing; to possess standing means that a party has sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy, and where existence of case or controversy has been established as between existing parties, there is no need to impose standing requirement upon proposed intervenor. See <u>United States v. City of New York</u>, 179 F.R.D. 373, 30 Envtl. L. Rep. 20573, 41 Fed. R. Serv. 3d (Callaghan) 920, 1998 U.S. Dist. LEXIS 6874 (E.D.N.Y. 1998) and <u>Day v. Sebelius</u>, 376 F. Supp. 2d 1022, 2005 U.S. Dist. LEXIS 15344 (D. Kan. 2005), aff'd, 500 F.3d 1127, 2007 U.S. App. LEXIS 20790 (10th Cir. 2007). As Smith is also a Pro Se litigant and someone who has been accused as being "aggressive" and

litigious, his interests are key in this litigation. As Bally's has argued and has Roger Williams University School of Law, both entities believe prior cases should decide current ones.

As Smith has in forma pauperis status, he asks that this motion be served on all parties via US Marshal (unless the parties are signed up for electronic notification).

Respectfully submitted,

/s/ Jimmy Smith

Pro Se

43 Prospect Street

Bristol, RI 02809

617-579-7449

Certificate Of Service

I certify that on this 29th day of April, 2022, I caused this document to be entered on the docket and made available to view by all parties and/or electronically served upon all parties.

/s/ Jimmy Smith